

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Virginia Sanderson (Bar No. 240241)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:  (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ginny@KRInternetLaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YABUKA MEDIA, INC.**, a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**WAM IT, LLC**, a Florida limited liability company, and **DOES 1-10**, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Case No. **COMPLAINT**

Plaintiff Yabuka Media, Inc., by and through its undersigned counsel, states and alleges as follows:

**INTRODUCTION**

1. Plaintiff Yabuka Media Inc. ("Plaintiff") is an online advertising and technology company. Plaintiff has developed a proprietary advertising platform used by advertising networks to display and track Internet advertisements ("Ad Network Technology").

2. In addition to its development and provision of the Ad Network Technology, Plaintiff also acts as an Internet advertising network ("Ad Network") by placing Internet advertisements on behalf of its clients through third-party publishers.

3. Defendant WAM It, LLC ("Defendant") is an Ad Network that places Internet Ads on behalf of its advertiser clients. Defendant does so partly through its own direct efforts, but also in part through the services of other third-Party Internet advertising service providers and publishers.

4. In July 2013, the Parties entered into a written Exclusive Licensing and Service Agreement (the "Agreement") for Defendant to license and use Plaintiff's Ad Network Technology.

5. As part of the Agreement, Plaintiff also turned over management of its Ad Network book of business to Defendant, so that Plaintiff could focus on implementing and running the Ad Network Technology.

6. Under the Agreement, Defendant was required to pay Plaintiff for exclusive use of the Ad Network Technology, technical support therefor, and revenue generated by Plaintiff's book of business.

7. While Plaintiff has performed its obligations under the Agreement, Defendant has failed and continues to fail to meet its payment obligations.

8. Plaintiff has been substantially harmed as a result of Defendant's breach of the Agreement in an amount far exceeding the jurisdictional minimum of $75,000.

//

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of different States. To wit, Plaintiff is a citizen of Nevada and Defendant is a citizen of Florida.

10. Venue is proper under 28 U.S.C. § 1391 because, as part of the Agreement, the parties expressly deemed the Agreement to be executed and performed within this judicial district.

11. This Court has personal jurisdiction over Defendant because it has substantial contacts with California and, as such, has personally availed itself of the laws of this state. Furthermore, Defendant agreed to submit to the laws and jurisdiction of California in the Agreement.

## PARTIES

12. Plaintiff is a Nevada corporation, and maintains its principal place of business in Las Vegas, Nevada.

13. Upon information and belief, Defendant is a Florida limited liabiltiy company and maintains its principal place of business in Sarasota, Florida.

14. Plaintiff does not know the true names and capacities, whether individual, associate, corporate or otherwise, of Defendants sued herein as Does 1-10 inclusive, and Plaintiff therefore sues said Defendants by such fictitious names.

15. Plaintiff will amend this complaint to state the true names and capacities of the Doe Defendants once they have been discovered. Plaintiff is informed and believes, and, on that basis, alleges that each Defendant sued herein by a fictitious name is in some way liable and responsible to Plaintiff based on the facts herein alleged.

## FACTUAL ALLEGATIONS

16. On or about July 1, 2013, the Parties entered into the Agreement, whereby the parties agreed, among other things:

   a. That Plaintiff would grant Defendant a semi-exclusive license to use the Ad Network Technology;

   b. That Defendant would manage Plaintiff's Ad Network; and

   c. That, in consideration for Plaintiff's provision and maintenance of the Ad Network Technology, and among other payment obligations, Defendant would pay to Plaintiff an "Initial Fee" of $3,300 per day, to be paid in advance by semi-monthly wire transfers initiated by Defendant on the 1st and 15th days of the month.

17. The Agreement expressly defines a "material breach" by Defendant as "any uncured breach by Defendant of its payment obligations under Section 5 of this Agreement."

18. Throughout the course of the Agreement, Defendant has repeatedly failed to pay the Initial Fee in the amount and according to the schedule specified in the Agreement.

19. On October 23, 2013, pursuant to the Agreement, Plaintiff sent Defendant written notice of Defendant's material breach of the Agreement.

20. As of the date of this Complaint, Defendant's material breach of the Agreement remains uncured.

21. Plaintiff has performed all obligations required of it under the Agreement, including without limitation, the provision of the Ad Network Technology.

22. As a direct and proximate result of Defendant's breaches, which are ongoing, Plaintiff has been damaged in the sum of the unpaid balance of Initial Fees due, plus interest.

## FIRST CLAIM FOR RELIEF

**(Breach of Written Contract Against All Defendants)**

23. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs.

24. Plaintiff and Defendant entered into the written Agreement on July 1, 2013.

25. Plaintiff performed all obligations required of Plaintiff under the Agreement.

26. All of the conditions required by the Agreement for Defendant's performance—namely, payment of the Initial Fees—had occurred.

27. Defendant breached the Agreement by failing to make payments under the Agreement as those payments became due.

28. As a direct and proximate result of Defendant's breaches, which are ongoing, Plaintiff has been damaged in the sum of the unpaid balance due plus interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. Compensatory damages, together with appropriate interest thereon, against Defendant and according to proof at trial; and

2. Such other relief that the Court determines is just and proper.

Respectfully Submitted,

DATED: November 1, 2013       **KRONENBERGER ROSENFELD, LLP**


By: s/Virginia Sanderson
      Virginia Sanderson

Attorneys for Plaintiff

1 **REQUEST FOR JURY TRIAL**

2 Plaintiff hereby demands a trial of this action by jury.

4 DATED:  November 1, 2013          **KRONENBERGER ROSENFELD, LLP**

5
6                                                  By:    s/Virginia Sanderson
                                                           Virginia Sanderson

7 Attorneys for Plaintiff

Case No.                                    5                                    **COMPLAINT**